## In re Susquehanna Title and Trust Company.

David L. German, Jr., for exceptant; Clarence J. Buckman, contra.

FERGUSON, P. J., May 4, 1932.—William Dowling sold a house and settlement was made at the office of the Susquehanna Title and Trust Company. A judgment for a thousand dollars appeared against him in favor of the Commonwealth, having been entered on a bond given in connection with a support order in the municipal court. In order that settlement might proceed, $1000 was retained by the trust company until such time as the judgment was satisfied. Before satisfaction was procured the trust company closed its doors and its affairs were taken over by the secretary of banking. The judgment has since been satisfied.

Dowling filed a claim with the secretary of banking, and it was allowed with the status of a general creditor. Exceptions were filed to this order, Dowling claiming that he was a preferred creditor. When the account of the secretary of banking was called for audit and the matter was heard, it appeared that at the time the money was left with the trust company it was solvent, and when the secretary of banking took possession the company had in cash an amount of money largely in excess of $1000. At the time of the accounting, as a result of realization on other assets, there was a large fund for distribution. The auditing judge was of the opinion that Dowling was entitled to an allowance of his claim as a depositor and awarded him a pro rata distribution in that class of creditors. Exceptions have been filed by Dowling, who contends that he is entitled to a preference, and also by the secretary of banking, who contends that Dowling's status is that of a general creditor and that he is entitled neither to the rights of a depositor nor of a preferred claimant.

There was no wrongdoing here on the part of the officers of the company. At the time the money was retained out of the settlement the company was solvent. Both parties acted in good faith; the money went into the general funds of the company, as many other items would naturally go, especially in the case of a trust company doing a title insurance business. The general funds were thereby increased. At any time, upon production of evidence that the judgment had been satisfied, Dowling could have obtained the money.

The position of the company in law was doubtless that of an agent. Dowling's claim was not for service rendered the company or for goods or equipment sold the company, or for loss or damage growing out of a contract of suretyship or of title insurance. In other words, it was not a debt of the company. His money was temporarily held to protect the purchaser of his house, to be paid over as soon as that protection was secured.

In our opinion, the matter is ruled by Cameron v. Carnegie Trust Co., 292 Pa. 114. The plain meaning of that decision is that if money of a third party goes into the general funds of a banking institution, where it is mixed with the funds of other people, and his money actually increases the fund, justice demands that it be returned to him. The other creditors should not have the benefit of the increase. While it is apparent in that decision that the company was a trustee ex maleficio, we see no reason why, when money goes into the general fund and increases it, under circumstances characterized by good faith and void of occasion for criticism, an equal protection should not be granted the party to whom the money rightfully belongs. No legal harm can result to depositors of this institution by withdrawing from funds now available for distribution the amount this claimant in equity is entitled to receive.